IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 12-cv-01445-WYD-KLM

MICHAEL D. HORNE;
JOSEPH B. BARRERAS;
JERSHAUN JONES;
COREY E. LA MAR; and,
DESHAUN LOCKETT, on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

SCOTT'S CONCRETE CONTRACTOR, LLC;
LEONA D. SCOTT; and,
OCCIA S. SCOTT,

      Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on the Plaintiffs' Motion For Conditional Certification Of Collective Action [ECF No. 12] and Magistrate Judge Mix's Recommendation [ECF No. 30] regarding the Plaintiffs' Motion For Entry Of Default Judgment [ECF No. 20]. For the reasons stated below: (1) the Plaintiffs' Motion For Conditional Certification Of Collective Action [ECF No. 12] is GRANTED; (2) I AFFIRM and ADOPT Magistrate Judge Mix's Recommendation [ECF No. 30]; and, (3) I MODIFY Magistrate Judge Mix's Recommendation [ECF No. 30] to include damage calculations for Leonard P. Streifel, Esteban Villalobos, and Luis Morales. Magistrate Judge Mix's Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1.

**BACKGROUND**

On June 4, 2012, Michael D. Horne, Joseph Barreras, Jershaun Jones, Corey E. La Mar, and Deshaun Lockett (collectively "the Plaintiffs") filed this suit against Scott's Concrete Contractor, LLC, Leona D. Scott, and Occia S. Scott (collectively "the Defendants"), alleging claims for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, breach of oral contract, and unjust enrichment/disgorgement.

The Plaintiffs' claims arise out of their work on the Denver Housing Authority's Mariposa Phase 2 housing development project ("the project").  The Defendants employed the Plaintiffs as form setters or finishers for the federally funded project.  The Plaintiffs worked on the project during one of three time periods:  (1) March 2012 to May 2012; (2) April 2012 to May 2012; or, (3) March 2012 to April 2012.  The Plaintiffs allege that the Defendants either failed to pay or only partially paid them their regular wages and/or overtime salary.  The Plaintiffs state that such action constitutes violations of the FLSA, breach of oral contract, and unjust enrichment/disgorgement.

On August 28, 2012, the Plaintiffs filed a Motion For Conditional Certification Of Collective Action [ECF No. 12] requesting that I:  (1) conditionally certify this case a collective action under 29 U.S.C. § 216(b); and, (2) permit Leonard P. Streifel, Esteban Villalobos, and Luis Morales (collectively the "Opt-In Plaintiffs") to join in this action.  On September 12, 2012, the Plaintiffs filed a Motion For Entry Of Default Judgment [ECF No. 20] requesting that I enter judgment against the Defendants because they had yet to enter an appearance and have failed to plead or otherwise defend themselves in this action.  On October 22, 2012, I referred the Plaintiffs' Motion For Entry Of Default Judgment [ECF No. 20] to Magistrate Judge Mix. ECF No. 27.  On April 24, 2013,

Magistrate Judge Mix issued a Recommendation [ECF No. 30] regarding the Plaintiffs'

Motion For Entry Of Default Judgment [ECF No. 20] and recommends that the motion

be granted except to the extent that the Plaintiffs seek relief on behalf of the Opt-In

Plaintiffs.  As of Monday, July 15, 2013, no party has filed objections to Magistrate

Judge Mix's Recommendation [ECF No. 30].

## ANALYSIS

### A.  Plaintiffs' Motion For Conditional Certification Of Collective Action [ECF No. 12]

Regarding the Plaintiffs' FLSA claims, the Plaintiffs request that I conditionally

certify this case a collective action under 29 U.S.C. § 216(b).

Collective actions under the FLSA are expressly authorized by 29 U.S.C. §

216(b).  29 U.S.C. § 216(b) states, in pertinent part:

> An action to recover the liability prescribed in either of the
> preceding sentences may be maintained against any
> employer (including a public agency) in any Federal or State
> court of competent jurisdiction by any one or more
> employees for and in behalf of himself or themselves and
> other employees similarly situated.

Thus, the determinative factor in deciding whether to conditionally certify an action as

an FLSA collective action is whether the plaintiffs are "similarly situated."  The United

States Court of Appeals for the Tenth Circuit has approved a two-step approach for

determining whether plaintiffs are similarly situated for the purposes of § 216(b).[1]  First,

the court makes an initial "notice stage" determination of whether plaintiffs are similarly

---

[1] In *Thiessen v. GE Captial Corp*, 267 F.3d 1095 (10th Cir. 2001), the United States Court of Appeals for the Tenth Circuit recognized that district courts employ three different methods to determine whether plaintiffs are similarly situated for the purposes of § 216(b).  However, the Tenth Circuit noted that "there is little difference in the various approaches.  All approaches allow for consideration of the same or similar factors, and generally provide a district court with discretion to deny certification for trial management reasons."  *Thiessen*, 267 F.3d at 1105.

situated, which requires "nothing more than substantial allegations that the putative

class members were together the victims of a single decision, policy or plan." *Thiessen*,

267 F.3d at 1102-03 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D.

Colo. Nov. 26, 1997); *Bayles v. American Med. Response of Colo., Inc.*, 950 F. Supp.

1053, 1058 (D. Colo. Dec. 31, 1996).   Then, at the conclusion of discovery, the court

makes a second determination of whether the plaintiffs are similarly situated under a

stricter standard, which includes analysis of the "disparate factual and employment

settings of the individual plaintiffs." *Thiessen*, 267 F.3d at 1103.

At this notice stage of the proceeding, the standard for certification is lenient *i.e.*,

the Plaintiffs need only substantially allege "that the putative class members were

together the victims of a single decision, policy or plan." *Thiessen*, 267 F.3d at 1102.  In

their Motion For Conditional Certification Of Collective Action [ECF No. 12], the Plaintiffs

allege that all named and Opt-In Plaintiffs:  (1) "worked on the same crew, on the same

job site for the same Defendants between March and May of 2012;" (2) "suffered non-

payment of FLSA minimum wages for some hours worked;" and, (3) "who worked

overtime hours were not paid appropriate FLSA overtime wages." ECF No. 12-1, pp. 6-

7.  In support of their motion, the Plaintiffs attached affidavits from Horne, Jones,

La Mar, Lockett, Streifel, Villalobos, and Morales which state, *inter alia*:  (1) the dates

they worked for the Defendants; (2) the amount of hours they worked for the

Defendants; and, (3) whether or not the Defendants paid them or partially paid them for

their work. ECF Nos. 12-2 – 12-8.  According to their affidavits, Jones, La Mar, Lockett,

Streifel, and Villalobos all began work for the Defendants in April 2012 and ceased work

on May 1, 2012. ECF Nos. 12-3 – 12-7.  Horne and Morales both began work for the

Defendants in March 2012. ECF Nos. 12-2 and 12-8.  Horne ceased work on May 1, 2012, while Morales ceased work on April 20, 2012. *Id.*  All the Plaintiffs and Opt-In Plaintiffs declare that they were not paid in full for their work on the project.  Further, Horne, Streifel, and Villalobos declare that they were not paid overtime wages for the hours they worked beyond a 40 hour workweek. ECF Nos. 12-2, 12-6, and 12-7.  Though the Plaintiffs did not attach an affidavit from Barreras, they allege in the Complaint [ECF No. 1] that the Defendants employed Barreras from April 2, 2012, to May 1, 2012, and that he suffered non-payment of minimum wage and overtime salary for his work on the project. ECF No. 1, p. 10, ¶ 42 and p. 14, ¶¶ 65-66.  The Plaintiffs also state in their Memorandum In Support Of Motion For Entry Of Default Judgment [ECF No. 20-1] that Barreras worked 200 regular hours, 26 overtime hours, and was promised a salary of $17.00 per hour. ECF No. 20-1, p. 14, ¶ 2.

Having reviewed the Complaint [ECF No. 1], the Plaintiffs' Motion For Conditional Certification Of Collective Action [ECF No. 12], and the affidavits [ECF Nos. 12-2 – 12-8] attached to the Plaintiffs' Motion For Conditional Certification Of Collective Action [ECF No. 12], I find that:  (1) the Plaintiffs and Opt-In Plaintiffs have substantially alleged that they were the "victims of a single decision, policy or plan" *i.e.*, the Defendants' failure to pay minimum wage and/or overtime salary for work on the project; and, (2) the Plaintiffs and Opt-In Plaintiffs are similarly situated for the purposes of § 216(b). *Thiessen*, 267 F.3d at 1102.  Therefore:  (1) the Plaintiffs' Motion For Conditional Certification Of Collective Action [ECF No. 12] is GRANTED; (2) the Opt-In Plaintiffs are permitted to join in this action; and, (3) I conditionally certify this as a collective action under § 216(b).

**B.  Magistrate Judge Mix's Recommendation [ECF No. 30]**

On October 22, 2012, I referred the Plaintiffs' Motion For Entry Of Default

Judgment [ECF No. 20] to Magistrate Judge Mix. ECF No. 27.  On April 24, 2013,

Magistrate Judge Mix issued a Recommendation [ECF No. 30] regarding the Plaintiffs'

Motion For Entry Of Default Judgment [ECF No. 20].  Magistrate Judge Mix

recommends that:  (1) the motion be denied to the extent that it seeks default judgment

in favor of the Opt-In Plaintiffs; (2) the Plaintiffs' breach of contract claim be dismissed

without prejudice for failure to state a claim; and, (3) that the remainder of the Plaintiffs'

motion be granted.

**1.  Legal Standard**

As of Monday, July 15, 2013, no party has filed objections to Magistrate Judge

Mix's Recommendation [ECF No. 30].  No objections having been filed, I am vested with

discretion to review the Recommendation "under any standard [I] deem[] appropriate."

*Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474

U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to

require district court review of a magistrate's factual or legal conclusions, under a *de*

*novo* or any other standard, when neither party objects to those findings").

Nonetheless, though not required to do so, I review the Recommendation to "satisfy

[my]self that there is no clear error on the face of the record."[1] FED. R. CIV. P. 72(b)

Advisory Committee Notes.  I may "accept, reject, or modify, in whole or in part, the

findings or recommendations made" by Magistrate Judge Mix. 28 U.S.C. § 636(b)(1)(C).

---

[1]  Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard
of review, FED. R. CIV. P. 72(a), which in turn is less than a de novo review, FED. R. CIV. P. 72(b).

Having reviewed Magistrate Judge Mix's Recommendation [ECF No. 30], I find that the Recommendation is thorough, well-reasoned, and sound.  I also find that there is no clear error on the face of the record.  Therefore, I AFFIRM and ADOPT Magistrate Judge Mix's Recommendation [ECF No. 30].

At the time Magistrate Judge Mix issued her Recommendation [ECF No. 30], I had not ruled on the Plaintiffs' Motion For Conditional Certification Of Collective Action [ECF No. 12] which *inter alia*, requests that I permit the Opt-In Plaintiffs to join in this action.  In her Recommendation [ECF No. 30], Magistrate Judge Mix noted that "[t]he Court has found no authority for entry of a default judgment on behalf of a non-party [referring to the Opt-In Plaintiffs]." ECF No. 30, p. 1, n. 1.  Thus, Magistrate Judge Mix recommends that the Plaintiffs' Motion For Entry Of Default Judgment [ECF No. 20] be denied to the extent it seeks relief on behalf of the Opt-In Plaintiffs. *Id.*  I agree with that recommendation based on the fact that I had yet to rule on the Plaintiffs' Motion For Conditional Certification Of Collective Action [ECF No. 12].  However, in light of my ruling regarding the Plaintiffs' Motion For Conditional Certification Of Collective Action [ECF No. 12], it is appropriate to rule on the Plaintiffs' Motion For Entry Of Default Judgment [ECF No. 20] as it relates to the Opt-In Plaintiffs because they are now parties to this action.

The Plaintiffs' Memorandum In Support Of Motion For Entry Of Default Judgment [ECF No. 20-1] sets forth a proposed damages calculation for each Opt-In Plaintiff. Having considered Magistrate Judge Mix's Recommendation [ECF No. 30], the Plaintiffs' Memorandum In Support Of Motion For Entry Of Default Judgment [ECF No. 20-1], and the Opt-In Plaintiffs' affidavits [ECF Nos. 12-6 – 12-8], I MODIFY Magistrate

Judge Mix's Recommendation [ECF No. 30] to include the following damage calculation for each Opt-In Plaintiff.

### 2. Damage Calculations For Opt-In Plaintiffs

#### a. Opt-In Plaintiff Streifel

Streifel worked 113.5 regular hours and 7 overtime hours. The Defendants promised to pay Streifel $18.00 per hour. Pursuant to the FLSA, damages for Streifel are calculated by multiplying the FLSA minimum wage ($7.25 per hour) by the number of hours worked. 29 U.S.C. § 206(a).[2] With respect to Streifel's regular hours, he is entitled to $822.88 [113.5 (regular hours) x $7.25 (FLSA minimum wage)]. Regarding Streifel's overtime hours, he is entitled to one and a half times the minimum wage multiplied the number of overtime hours worked. 29 U.S.C. § 207(a).[3] For the purposes of calculating overtime damages under the FLSA, the "regular rate" of pay is the parties' agreed upon rate. *See Walling v. Youngerman-Reynolds Harwood Co.*, 325 U.S. 419,

---

[2] Pursuant to 29 U.S.C. § 206(a):

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
>   (1) except as otherwise provided in this section, not less than--
>   (A) $ 5.85 an hour, beginning on the 60th day after the date of enactment of the Fair Minimum Wage Act of 2007 [enacted May 25, 2007];
>     (B) $ 6.55 an hour, beginning 12 months after that 60th day; and
>     (C) $ 7.25 an hour, beginning 24 months after that 60th day . . .

[3] Pursuant to 29 U.S.C. § 207(a)(1):

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

424 (1945) ("The regular rate by its very nature must reflect all payments which the parties have agreed shall be received regularly during the workweek, exclusive of overtime payments").  Thus, with respect to Streifel's overtime hours, he is entitled to $189.00 [7 (overtime hours)  x  $27.00 (one and a half times his promised hourly pay of $18.00)].  Streifel's combined damages for regular hours and overtime hours are $1,011.88.  Pursuant to 29 U.S.C. § 216(b), Streifel's total damages are doubled.[4] Thus, Streifel's total damages are $2,023.76.

### b. Opt-In Plaintiff Villalobos

Villalobos worked 200 regular hours and 26 and overtime hours.  The Defendants promised to pay Villalobos $17.00 per hour.  With respect to Villalobos's regular hours, he is entitled to $1,450.00 [200 (regular hours)  x  $7.25 (FLSA minimum wage)].  With respect to Villalobos's overtime hours, he is entitled to $663.00 [26 (overtime hours)  x  $25.50 (one and a half times his promised hourly pay of $17.00)]. Villalobos's combined damages for regular hours and overtime hours are $2,113.00. The Defendants paid Villalobos $1,000, thus his combined damages total for regular hours and overtime hours is adjusted to $1,113.00 [$2,113.00 (combined damages for regular hours and overtime hours)  -  $1,000.00 (amount Defendants paid to Villalobos)]. ECF No. 12-7, p. 2, ¶ 5.  Pursuant to 29 U.S.C. § 216(b), Villalobos's total damages are doubled.  Thus, Villalobos's total damages are $2,226.00.

---

[4] 29 U.S.C. § 216(b) states, in pertinent part:

> Any employer who violates the provisions of section 6 or section 7 of this Act [29 USCS § 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

### c. Opt-In Plaintiff Morales

Morales worked 99.5 regular hours for the Defendants.  Morales is entitled to $721.38 [99.5 (regular hours)  x  $7.25 (FLSA minimum wage)].  Pursuant to 29 U.S.C. § 216(b), Morales's total damages are doubled.  Thus, Morales's total damages are $1,442.75.

### CONCLUSION

After careful consideration of the matters before this Court, it is

ORDERED that the Plaintiffs' Motion For Conditional Certification Of Collective Action [ECF No. 12] is **GRANTED**.  The Opt-In Plaintiffs are permitted to join in this action and I conditionally certify this as a collective action under 29 U.S.C. § 216(b).  It is

FURTHER ORDERED that Magistrate Judge Mix's Recommendation [ECF No. 30] is **AFFIRMED** and **ADOPTED**.  It is

FURTHER ORDERED that Magistrate Judge Mix's Recommendation [ECF No. 30] is **MODIFIED** to include my damage calculation for each Opt-In Plaintiff.  As such, it is

FURTHER ORDERED that the Plaintiffs' Motion For Entry Of Default Judgment [ECF No. 20] is **GRANTED**, and judgment is rendered in favor of the Plaintiffs and Opt-In Plaintiffs against the Defendants jointly and severally.  It is

FURTHER ORDERED that the Defendants **shall pay damages to the following parties in the following amounts**:  (1) Michael D. Horne, $344.76; (2) Joseph Barreras, $2,226.00; (3) Jershaun Jones, $565.50; (4) Corey E. La Mar, $290.00; (5) Deshaun Lockett, $580.00; (6) Leonard P. Streifel, $2,023.76; (7) Esteban Villalobos,

$2,226.00; and, (8) Luis Morales, $1,442.75.  **The Defendants shall pay damages to the above-listed parties**, **in full**, **on or before Friday**, **August 2**, **2013**.  It is

FURTHER ORDERED that the Plaintiffs **are entitled to an award of $15,954.00 in attorney fees and $425.00 in costs incurred as a result of this suit**.  **The Defendants shall pay both amounts to the Plaintiffs**, **in full**, **on or before Friday**, **August 2**, **2013**.[5]  It is

FURTHER ORDERED that the parties **shall file a Joint Status Report on or before Friday**, **August 2**, **2013**, **apprising the Court on whether the Defendants have paid damages**, **the attorney fees award**, **and costs incurred as a result of this suit**, **in accordance with this Order**.

Dated:  July 16, 2013.

BY THE COURT:


/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge

---

[5] When Magistrate Judge Mix issued her Recommendation [ECF No. 30], I had not yet ruled on whether the Opt-In Plaintiffs could join this action.  Thus, this portion of my Order refers to Plaintiffs only, rather than Plaintiffs *and* Opt-In Plaintiffs.